UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 19-cv-03009-JST<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, an inmate at California Correctional Training Facility in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (ECF No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff alleges that "[t]he utilization of: 'People of the State of California,' as plaintiff in criminal court cases is not supported by law" and therefore violates his rights under the Sixth Amendment. ECF No. 1 at 8. Plaintiff further alleges that the California courts committed fraud in his bankruptcy case, Case No. 18-51750 SLJ 7, presumably because the bankruptcy case was brought by the People of the State of California, and in his criminal court cases, Case Nos. FSB18868, 981346-9, and SCR37010, because the People of the State of California is the plaintiff in those cases. Plaintiff alleges that the municipalities named as defendants are liable because they an unofficial custom of utilizing "People of the State of California." ECF No. 1 at 8–10. Plaintiff claims that his case presents an exception to the "Heck Bar Doctrine." ECF No. 1 at 3. Plaintiff names as defendants "the State of California, et al.; the San Bernardino County Board of Supervisors, et al.; and the city of San Bernardino, et al." ECF No. 1 at 2. As relief, he requests that his state and federal criminal records be pulled and destroyed, and that he receive punitive and compensatory damages totaling $15,121,500,000.00. ECF No. 1 at 3.

The complaint fails to state any cognizable claim for relief.

First, Plaintiff has failed to state a cognizable Sixth Amendment claim. The Sixth Amendment provides that a criminal defendant is entitled to a speedy and public trial by an

impartial jury of the state and district wherein the crime was committed; to be informed of the nature and cause of the charges against him; to confront the witnesses against him; and to the assistance of counsel for his defense. U.S. Const. Amend. VI. Plaintiff's allegation that the People of the State of California may not prosecute him for criminal offenses does not implicate the protections provided by the Sixth Amendment.

Second, notwithstanding Plaintiff's protestations to the contrary, his claims are barred by the *Heck* rule. Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), a court must dismiss a Section 1983 action where the plaintiff's success in the action would necessarily imply the invalidity of the plaintiff's conviction or sentence, and the conviction or sentence has not yet been invalidated. *Id*. at 486–87. Where the conviction or sentence has not yet been invalidated, the Section1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings), *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005), and the suit should be dismissed, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *cf. Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)). Here, Plaintiff alleges that he has been falsely imprisoned, alleges that the State of California unlawfully prosecuted him, and requests the expungement of his criminal records. In short, Plaintiff seeks to invalidate his criminal convictions. His claims are therefore barred by *Heck*.

Third, Plaintiff's claim regarding the captioning of his cases is incorrect. Contrary to Plaintiff's contention, California regulations and caselaw require that criminal actions be prosecuted in the name of The People of the State of California. *See* Cal. Penal Code § 684 (West 2010) ("A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense."); Cal. Gov't Code § 100(b) (West 2011) ("The style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority."); *People v. Romero-Arellano*, 88 Cal. Rptr. 3d 900, 906–07, *as modified on denial of reh'g* (Cal. Ct. App. Mar. 4, 2009) (recognizing that California statutes mandate that prosecutions be conducted in the name of "The People of the State of California").

Accordingly, this action will be DISMISSED for failure to state a claim. The dismissal is with prejudice because amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend)

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. All pending motions are denied as moot. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 17, 2019

JON S. TIGAR
United States District Judge